TOM BAILEY v. STATE.

No. A-5849.   Opinion Filed July 23, 1927.
(258 Pac. 358.)

318

M. Bristow, for plaintiff in error.

The Attorney General, for the State.

DOYLE, P. J.   Tom Bailey was convicted on a charge that he did unlawfully set up and keep in his possession to be used as a distillery a certain still for the purpose of using the same for the production of distilled spirits, whisky, and other liquors, and in accordance with the verdict of the jury was sentenced to pay a fine of $50 and be confined in the county jail for 30 days.

To reverse the judgment he appeals and assigns as error that the verdict is not sustained by sufficient evidence; that the court erred in admitting incompetent testimony and in giving certain instructions.

The evidence shows that appellant is a farmer, living on an Indian lease 6 or 7 miles west of Anadarko, and had lived in that community for 10 or 12 years; that one R. P. Birdwell was share cropping with him on the lease.   They had a disagreement, and Birdwell came to town and made affidavit for a search warrant against the place.

George Nixon, sheriff, testified that on Sunday night, about 11 o'clock, he met Birdwell on the court-

house steps; Birdwell stated he had a search warrant that he wanted served, and with two deputies and Birdwell he proceeded to appellant's home and informed appellant that he had a search warrant, and appellant said, "All right, go ahead, help yourselves;" that Birdwell took him down the hill to a canyon and there pointed out a still, covered with leaves and brush; that it was very dark, but he had a flash light; then Birdwell showed them two empty barrels; that the still looked like it had not been used for quite a while.

To the same effect was the testimony of S. W. Townsend.

Joe Ryan, called as a witness, was asked:

"Did you buy any whisky from Tom Bailey?"

The court overruled defendant's objections, and the witness answered:

"I don't remember whether I did or not."

Motion to strike was overruled.

It appears that R. B. Birdwell absconded after the search was made.

For the defense, W. E. Smith, county commissioner, James Abshire, manager of cotton gin at Washita, and four other witnesses each testified that they were well acquainted with the defendant and knew his general reputation in the community in which he resides, and that reputation was good.

As a witness in his own behalf the defendant testified that Birdwell, the prosecuting witness, was making a share crop with him, and they fell out; that about midnight the sheriff came to his place and handed him a paper and said to one of his deputies, "Stay there with him until we get back," and Birdwell went with the

sheriff and the other deputy. When they returned, the sheriff said they found a still; that later he went to the place in a briar thicket, surrounded by cedars, a quarter of a mile from his house, and found the place they said they found the still, which was at least a quarter of a mile from his house; that he did not know anything about it, had never manufactured whisky, had never sold any whisky; that he did not own the barrels found; that he believes that Birdwell had gotten the outfit and put it there for the purpose of prosecuting him.

As against the state's evidence, purely circumstantial, is the positive denial of the defendant of any knowledge whatever of the still or of it being at the place where found, which is supplemented by the testimony of six or seven disinterested witnesses as to his good character and reputation as a law-abiding citizen in the community for more than a decade. Also, the fact that the complaining witness had absconded.

Where the evidence is so weak and unsatisfactory as in this case, the record should be free from prejudicial error, to avoid a reversal of the conviction.

The testimony of the state's witness Ryan was incompetent under the rule that evidence of other offenses is admissible only when it forms a part of the res gestae, or shows or tends to show a particular intent or motive in the defendant's connection with the offense charged.

The instruction on character evidence concludes as follows:

"But if you should be satisfied from the evidence, beyond a reasonable doubt, of the guilt of the defendant, as charged in the information, then, in that event and that view of the case, although you may believe that the defendant had a good reputation before or after the alleged offense was committed, if it was committed, that would not alone avail him as a defense or entitle him to be acquitted by reason of such good reputation."

The rule is that the defendant is entitled to introduce evidence to the effect that, up to the time when the offense with which he is charged was committed, he bore in the community in which he lived a good character or reputation, provided the moral qualities with regard to which the evidence is given have a definite relation to the offense with which he is charged. Good character is a substantive fact, and as such is to be weighed and considered in connection with all the other evidence in the case.

The probative force of good character depends upon the nature of the alleged crime and upon the quality of the inculpatory evidence. The cases in which it carries the greatest weight are those in which the testimony adduced in support of the charge is entirely circumstantial. However, the record here shows that no objection was made or exception taken to the giving of the instruction above quoted. Upon the whole case we are of the opinion that the verdict against the defendant was against the weight of the evidence, and that justice requires a new trial, whether exceptions had been taken or not in the court below.

For the errors indicated, the judgment is reversed and a new trial awarded.

EDWARDS and DAVENPORT, JJ., concur.